UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES TAO BAER,

        Plaintiff,

    v.                              CAUSE NO. 3:20-CV-85-DRL-MGG

RUSS OLMSTEAD,

        Defendant.

## OPINION & ORDER

Charles Tao Baer, a prisoner without a lawyer, filed a complaint alleging he converted to Islam at the St. Joseph County Jail but was denied the ability to practice his religion. ECF 1 at 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Baer alleges he was told his selection of Islam as his religion had been recorded by the St. Joseph County Jail. However, he was still not provided with "a prayer rug, a kufi head covering, and . . . the religious diet for Muslims . . .." ECF 1 at 2. The Religious Land Use and Institutionalized Persons Act (RLUIPA) provides that "[n]o government shall impose . . . a substantial burden on the religious exercise of a person residing in or

confined to an institution . . . unless the government demonstrates that imposition of the burden on that person – (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). *See also Holt v. Hobbs*, 574 U.S. __, __; 135 S. Ct. 853 (2015). This complaint states a RLUIPA claim for injunctive relief against Assistant Warden Russ Olmstead in his official capacity. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011).

Prisoners also have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Monetary damages are available for violations of the First Amendment, though restrictions that limit the exercise of religion are permissible if they are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Here, it may be possible Russ Olmstead had legitimate reasons to deny Mr. Baer a prayer rug, a kufi, and Halal meals, but the complaint has plausibly alleged he did not, so it states a claim against him in his individual capacity for monetary damages.

For these reasons, the court:

(1) GRANTS Charles Tao Baer leave to proceed against Assistant Warden Russ Olmstead in his official capacity for injunctive relief to obtain a prayer rug, a kufi, and Halal meals as required by RLUIPA;

(2) GRANTS Charles Tao Baer leave to proceed against Assistant Warden Russ Olmstead in his individual capacity for nominal and punitive damages for denying him a prayer rug, a kufi, and Halal meals in violation of the First Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Assistant Warden Russ Olmstead at the St. Joseph County Jail with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the St. Joseph County Sheriff to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Assistant Warden Russ Olmstead to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

September 22, 2020                                    *s/ Damon R. Leichty*
                                                      Judge, United States District Court